**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAIBOU ADAMOU MADI, | Case No. 1:26-cv-01095-JLT-SKO |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION TO ENFORCE |
| v. | |
| TONYA ANDREWS, et al., | (Doc. 14) |
| Respondents. | |

**I.      INTRODUCTION**

Before the Court is a motion by Chaibou Adamou Madi to enforce this Court's April 6, 2026, order requiring Respondents to provide Petitioner with a substantive bond hearing. (Doc. 12.) Respondents did not file a response in opposition to the motion. For the reasons set forth below, the Court **DENIES** the motion.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

This Court has summarized the factual and procedural history behind this action in a previous order and incorporates that by reference here. (*See* Docs. 10, 12.) On April 6, 2026, this Court adopted the findings and recommendations issued by the assigned magistrate judge in this case to grant Petitioner's petition for writ of habeas corpus and order Respondents to provide Petitioner with an individual bond hearing at which Respondents bear the burden of proof by clear and convincing evidence to show that Petitioner presents a flight risk or danger to the

1

community.[1] (Doc. 12 at 2.)

On April 7, 2026, the Department of Homeland Security moved for a bond redetermination hearing before the Adelanto Immigration Court. (Doc. 14 at 8; *See* Exh. A, Pre-NTA Bond Redetermination Request.) On April 8, 2026, the Adelanto Immigration Court scheduled a bond hearing for April 16, 2026, before Immigration Judge Katie G. Mullins. (*Id*.; *See* Exh. B, Notice of Custody Redetermination Hearing.) Petitioner submitted the following into evidence to be considered at the bond hearing: (1) his own sworn declaration, (2) evidence of his pending appeal before the Board of Immigration Appeals ("BIA") and proof of representation on that appeal, (3) materials from his sponsor, including a letter of support, proof of immigration status, recent paystubs, a Form W-2 for 2024 and proof of residence, (4) letters of commitment to provide Petitioner with *pro bono* legal services from his current counsel's non-profit organization and the Bay Area Resource For Newcomers; (5) medical records, and (5) additional character letters. (Doc. 14 at 9; *See* Exh. C.) Respondents entered into evidence Petitioner's Form I-213 and his Order of Removal. (*Id*.; *See* Exh. D.)

On April 16, 2026, Petitioner was provided a bond hearing before Immigration Judge Katie G. Mullins who determined that the Government had met its burden to prove that Petitioner's continued detention was justified based on flight risk. (*See* Digital Audio Recording ("DAR") at 15:15.) In support of his release on bond, Petitioner highlighted his lack of criminal record, his committed sponsor with a permanent address and financial resources to support him, various commitments from non-profit organizations to provide him ongoing legal support, and his ongoing health problems. (DAR 5:15 – 8:03.) In rebuttal, Respondents noted, *inter alia,* Petitioner's lack of family ties in the United States, lack of permanent residence or assets, his "tenuous" social connections to his sponsor and other individuals who provided letters of support,

---

[1] The relevant part of this Court's April 6, 2026, order reads as follows:

> Respondents **SHALL** provide Petitioner with a bond hearing before an Immigration Judge **within 14 days** where the government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a flight risk or danger to the community.

(Doc. 12 at 3.)

and his order of removal to Niger. (*See* DAR at 9:00 – 11:46.)  As to his social ties to the U.S., Respondents further noted the uncertain circumstances in which Petitioner and his sponsor became "close friends," given that Petitioner has never been out of custody in the United States. (DAR 8:50 – 9:34.)

On May 14, 2026, Petitioner filed a motion to enforce, arguing that his continued detention without an adequate bond hearing violates this Court's prior habeas corpus order and, necessarily, his Fifth Amendment due process rights. (*See generally,* Doc. 14.) Specifically, Petitioner contends that the bond hearing was "perfunctory at best" given that the IJ "misapplied the law" and failed to hold the Government to its burden of proof. (*Id*. at 8.) Petitioner seeks an order granting his immediate release. (*Id*. at 30.)

## III.    LEGAL STANDARD

This Court has clear authority to ensure that the Government complies with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). Habeas courts may also review questions of pure law *de novo*. *See Singh v. Holder*, 638 F.3d 1196, 1202-03 (9th Cir. 2011).

In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." *Id*. (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence... review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)). The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017). Courts

may review an IJ's finding that an alien poses a flight risk for abuse of discretion. *See Zaitsev v. Warden*, No. 2:26-cv-00454-SPG-AS, 2026 WL 391429, at *10 (C.D. Cal. Feb. 9, 2026) (collecting cases).

## IV.   ANALYSIS[2]

Petitioner argues that (1) the IJ failed to apply the correct legal standard by not holding Respondents to their burden of proof, (2) did not adequately consider and mention "highly probative evidence, and (3) did not properly cite and apply relevant case law. Having carefully considered and reviewed Petitioner's submissions, the IJ's written order, and the digital audio recording of the April 16, 2026, bond hearing, the Court finds that that Petitioner has not demonstrated that the IJ failed to comply with its prior habeas order or otherwise abused her discretion.

### A.   Burden of Proof and Sufficiency of Evidence

The Court first considers Petitioner's claims that the IJ abused her discretion by finding that Respondents' had met their burden of proof to prove by clear and convincing evidence that Petitioner was a flight risk. (Doc. 14 at 17.) As support, he cites to the fact that Respondents "only filed two pieces of evidence" at the bond hearing, including his Order of Removal by Immigration Judge Katie G. Mullins – the same IJ that presided over the bond hearing at issue in this matter.[3] In making such an argument, Petitioner challenges the sufficiency of the evidence

---

[2] This Court has previously waived the prudential exhaustion requirement in procedurally similar cases. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (finding that petitioner satisfied irreparable injury *Laing* factor by "demonstrating the irreparable harm that would result from wrongful detention, which may result given the lengthy time it takes to have an appeal decided."); *see also, Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307 (E.D. Cal. Mar. 13, 2026) (holding that where a Petitioner seeks to enforce a prior habeas order in which an explicit finding of irreparable harm due to continued detention was made, such a previous finding satisfies the second *Laing* factor for the purposes of the prudential exhaustion requirement); *SEHAJVEER SINGH (A-No. 245-003-055), Petitioner, v. WARDEN OF GOLDEN STATE ANNEX FACILITY, et al., Respondents*, No. 1:26-CV-00172-JLT-EPG, 2026 WL 1328508 at *3 (E.D. Cal. May 13, 2026) (same). The Court therefore adopts the reasoning of the above-mentioned cases and waives the prudential exhaustion requirement here on similar grounds.

[3] Petitioner also argues that the IJ abused her discretion by considering her own previous denial of Petitioner's claims for immigration relief as a factor in determining Petitioner to be a flight risk. (Doc. 14 at 19.) In doing so, seemingly, Petitioner is attempting to relitigate his asylum claims, arguing that the IJ's previous decision contained "numerous legal errors" and misstatements of the record. (*Id*.) Pursuant to BIA case law, IJ's may consider the likelihood that relief from removal will be granted in determining

supporting the immigration judge's bond determination rather than the constitutionality of the process by which that determination was reached. That is not a question for this Court. Complaints about findings of fact and the ultimate the conclusion the IJ reached must be presented through the normal immigration appeal process.

### B.   Consideration of Probative Evidence

Next, Petitioner argues that the IJ abused her discretion by ignoring or failing to meaningfully consider evidence in the record. (Doc. 14 at 21.) Specifically, Petitioner argues that the evidence of Petitioner's sponsor and of the non-profit organizations committed to supporting him are highly probative to showing that he is not a flight risk and "should have received a reasoned consideration instead of a one sentence summary." (*Id*. at 22.)

An IJ's failure to cite every piece of evidence in the record does not amount to clear error. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000); *See Cole v. Holder*, 659 F.3d 762, 772 (holding that only "potentially dispositive testimony and documentary evidence" must be specifically addressed). "When nothing in the record or the BIA's decision indicates a failure to consider all the evidence," a court will rely on the agency's statement that it considered all the evidence before it. *See Cole*, 659 F.3d at 771. But when there is an indication that something is amiss, like if the BIA "misstat[es] the record" or "fail[s] to mention highly probative or potentially dispositive evidence," courts do not credit its use of a "catchall phrase" to the contrary. *Id*. at 771-72.

The IJ's written memorandum explicitly states that she denied bond "[a]fter full consideration of the evidence presented." (Doc. 14-1 at 81, Exh. E.)  Furthermore, the IJ specifically considered most, if not all, of the evidence cited by Petitioner but ultimately concluded that Petitioner poses a significant flight risk. *See Perez v. Wolf*, 445 F. Supp. 3d 275, 291 (N.D. Cal. 2020) (finding that "inherent in the IJ's order is a conclusion that the Petitioner's

---

whether an alien warrants bond. *See Matter of Andrade*, 19 I&N Dec. 488, 490 (BIA 1987) (stating that an alien with a greater likelihood of being granted relief has a stronger motivation to appear for a hearing than one who has less potential to obtain relief). Petitioner cites no case law prohibiting an IJ from relying on her own previous denial of asylum claims as a basis for a flight risk determination in a separate bond proceeding. To the extent Petitioner seeks to challenge the IJ's denial of his asylum claims, Petitioner must continue to pursue such relief through the BIA and the Ninth Circuit appeals process.

evidence was not as convincing as the Government's evidence"). The order denying bond also sufficiently explained the basis for the IJ's decision. In immigration proceedings, "[d]ue process requires a minimum of clarity in dispositive reasoning[.]" *Su Hwa She v. Holder*, 629 F.3d 958, 963 (9th Cir. 2010), *superseded by statute on other grounds as stated in Ferrer-Rodriguez v. Blanche*, No. 25-1161, 2026 WL 1093348, at *2 n.3 (9th Cir. Apr. 22, 2026).

To the extent that Petitioner argues that the IJ placed too little weight on the evidence of Petitioner's sponsor and of the non-profit organizations committed to supporting him, the Court lacks the ability to "second-guess the immigration judge's weighing of the evidence." *Calmo v. Sessions*, 2018 WL 2938628, at *4 (holding that where the evidence is undisputed, "differences in interpretation of the facts" remain "well within the province of the immigration judge"). As such, Petitioner fails to demonstrate that "something is amiss" in regard to the IJ's consideration of the evidence. *See Cole*, 659 F.3d at 771

### C.      Relevant BIA Case Law

Lastly, Petitioner argues that the IJ cited irrelevant BIA case law as support for her conclusion that Petitioner posed a flight risk. (Doc. 14 at 26.) The Ninth Circuit has explained that if an immigration court "expressly cited and applied the relevant case law in rendering its decision," the Court accepts that it "applied the correct legal standard," unless there is an indication that "something is amiss." *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (cleaned up); *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).

First, Petitioner challenges the IJ's citation to *Matter of Akhmedov*, 29 I&N Dec. 166, 167 (B.I.A. 2025) for the proposition that a "short length of residence in the United States weighs against release in a bond proceeding." (Doc. 14 at 26; Doc. 14-1 at 81, Exh. E.) Rather than addressing the relevance of an immigrant's length of residence, Petitioner argues that *Matter of Akhmedov* concerned a flight risk determination based on address discrepancies in the United States. (Doc. 14 at 26.)

The Court is unpersuaded by Petitioner's interpretation of *Matter of Akhmedov*. In that case, by specifically emphasizing the IJ's failure to address the respondent's shorth length of residence in United States, the BIA necessarily found length of residence to be a critical factor in

determining whether to grant or deny bond. 29 I&N Dec. at 167. Here, it was perfectly reasonable for the IJ to cite to *Matter of Akhmedov*, given that Petitioner had only been in the country sixteen months at the time of the bond hearing.

The Court is similarly unpersuaded by Petitioner's interpretation of *Matter of E-Y-F-G-*, 29 I&N Dec. 103, 104 (B.I.A. 2025). In her written order, in the IJ cites *Matter of E-Y-F-G-* as part of a string citation following her citation of *Matter of Akhmedov.* (*See* Doc. 14-1 at 81, Exh. E.) A quick review of *Matter of E-Y-F-G-* reveals the following quote: "[w]eighing heavily against the [Petitioner] [is] the short length of her residency in this country." 29 I&N Dec. at 104. It is clear to the Court that the IJ's citation to *Matter of E-Y-F-G-* was simply to provide further authority for the proposition put forth by *Matter of Akhmedov*: Petitioners who had only been in the United States for a short period of time present a greater flight risk,

Lastly, Petitioner challenges the IJ's reliance on *Matter of R-A-V-P-*, 27 I&N Dec. 803 (BIA 2020) for the proposition that the respondent's lack of family ties, employment history, community ties, or record of appearances in court in the "militate against [Petitioner's] release on bond because they indicate [Petitioner] is less likely to appear" for removal hearings. (Doc. 14 at 27; Doc. 14-1 at 82, Exh. E.) Petitioner avers that, unlike respondent in *Matter of R-A-V-P-*, he does have community ties in the form of a sponsor and non-profits organization who will support him. (Doc. 14 at 27.) Once again, Petitioner's dissatisfaction with the IJ's application of *Matter of R-A-V-P-* has more to do with her weighing of evidence rather than relevancy and application of BIA case law to Petitioner.  Accordingly, the Court concludes the IJ did not abuse her discretion in finding Petitioner was a flight risk and in denying bond.

///

///

///

///

///

///

///

## V.      CONCLUSION AND ORDER

For the foregoing reasons, Petitioner's motion to enforce the Court's earlier order (Doc. 14.) is **DENIED**. The case remains **CLOSED**.

IT IS SO ORDERED.

   Dated:   **June 12, 2026**

UNITED STATES DISTRICT JUDGE